**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FATIMA CEDENO-CORTEZ and**
**AARON DANIEL RAMIREZ-CORTES,**

     *Petitioners*,

v.                               **Case No. 5:26-CV-5053-JKP-KGS**

**MARKWAYNE MULLIN, et al.,**

     *Respondents*.

### STATUS REPORT ORDER

Before the Court is the status of this case. While filed as a petition for writ of mandamus with payment of the $405.00 filing fee for non-habeas actions, the Court retains an independent obligation to assure that this case is not a habeas action subject to different (and often expedited) procedures. Petitioners, wife and husband, filed an immigrant visa petition on June 16, 2026. *See* Pet. Writ of Mandamus (ECF No. 1) ¶ 1. The wife is a citizen of the United States, and the husband is a citizen of Mexico who has been detained since June 10, 2026, pending removal proceedings. *Id*. They seek to compel Respondents to immediately act on their visa petition. *Id*. ¶ 2. They contend that the husband has been denied bond "and must therefore remain detained for the duration of his removal proceedings." *Id*. ¶ 12. They assert irreparable harm if the visa petition is not approved without delay because the husband has a removal hearing scheduled for August 25, 2026, which could result in abandonment of a claim for adjustment of status to lawful permanent residence should the visa application not be approved by that hearing. *See id*. ¶¶ 15-17. They further contend that adjudication of the visa petition typically takes between 21.5 and 75 months. *Id*. ¶ 13. In their prayer for relief, they seek entry of an order requiring Respondents "to complete their adjudication of [the] pending immigrant visa petition case within 14 days or less."

Even though the husband satisfies the "in custody" requirement for filing a petition for writ of habeas corpus, neither he nor his wife have asserted any habeas claim in this case. Accordingly, this case will proceed as a non-habeas action. If the husband intends to file a habeas petition under 28 U.S.C. § 2241, he must do so by separate filing with payment of the $5.00 fee for such actions. And, while the Court has authority to expedite all actions, typical civil cases—unlike habeas

actions—have certain processes that simply take time. For instance, in this case, Petitioners seek mandamus relief within fourteen days, but they did not request issuance of summons until yester-day and have just now started the process for serving Respondents. Government Respondents typ-ically have sixty days to file a response after being properly served in a mandamus case. Given these procedural hurdles, the Court directs Petitioners to submit a Status Report **on or before August 19, 2026**, that informs the Court of whether they have served Respondents and whether they intend to pursue this mandamus action even though the requested relief, i.e., compelled adju-dication of the visa petition within fourteen days, will pass before the Court can consider their filed mandamus petition.

**IT IS SO ORDERED this 12th day of August 2026.**

**JASON K. PULLIAM**
**UNITED STATES DISTRICT JUDGE**

2